KOLB CLEANING & TAILORING CO. v. MISSISSIPPI POWER & LIGHT CO.

(Division B. Feb. 13, 1933.)

[145 So. 910. No. 30410.]

W. H. Cox, of Jackson, for appellant.

138

May, Sanders, McLaurin & Byrd, and Green, Green & Jackson, all of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee is a public service corporation and furnishes natural gas in the city of Jackson under a franchise granted by said city. By that franchise, and effective after February 1, 1931, there was established an industrial rate, lower than the commercial rate; and an additional provision in the franchise, in dealing with the industrial rate, reads as follows: "This rate is applicable for all gas used by industrial manufacturers and is extended in application to include steam laundries . . ." Appellant has been since the date aforesaid engaged in the operation of a dry-cleaning and tailoring business, and uses in the conduct of that business an average of about three hundred thousand cubic feet of gas per month. Appellant avers in his declaration that all steam laundries in the city are also engaged in the business of dry-cleaning as a department of the laundry business, and that the laundries in the conduct of their dry-cleaning departments use gas in exactly the same manner and by the same method as that employed by appellant. Appellant contends that since in respect to the dry-cleaning business the method and manner of use is the same as that availed of by steam laundries, and since to the extent of the dry-cleaning business handled by steam laundries those concerns are in direct competition with appellant, the same rate should be accorded to appellant as that granted to

the steam laundry. Appellant, however, has been charged under the commercial rate, and he has sued to recover the difference paid by him as compared with the industrial rate, which has been granted to the steam laundries.

Appellant does not contend that the commercial rate which has been charged against him is in itself unreasonable, and is not seeking any review of any rate as prescribed by the franchise ordinance; but the position of appellant is that although dry-cleaners are not specifically named in the franchise as belonging to the industrial class, a proper construction of the franchise ordinance will and does bring appellant within the industrial class because the ordinance and franchise places steam laundries in that class, and since steam laundries do a dry-cleaning business in the same manner and by the same methods as that done by appellant, then in order to avoid an unjust and unlawful discrimination against appellant in favor of a competing business, the franchise in respect to steam laundries should be construed to include "steam laundries and other like or kindred industries;" and appellant says that his business is a like or kindred industry, and is therefore entitled to the same rate as steam laundries, which rate according to the franchise is the industrial rate.

There is no contention against the proposition that classifications, each with a different rate, may be made as follows: (1) An industrial rate; (2) a commercial rate; and (3) a domestic rate, and in stating these three it is not meant to state them as completely inclusive. There may be additional subdivisions. Nor is there any dispute that among the several elements of differences that may properly enter into consideration in the allowance of the said classifications, there is the element of the amount of gas consumed or which will, as a general proposition, be consumed by the respective classes. Classification by amount has been held valid in numerous cases, and appellant in his brief has expressly conceded that

such is the law; but appellant insists that the point is not in any manner involved in this case. But when the ordinance fixed the industrial rate and by express language extended the application of that rate to include steam laundries, it may be, and we must assume such to be the case, in the absence of any showing to the contrary, that the municipal authorities had, after a review of the facts, come to the conclusion that other pertinent considerations would permit, and that steam laundries in the relative amount of consumption of gas would, and therefore should, come within the benefits of the industrial class. And when the municipal authorities did not expressly include dry-cleaners, we must assume, in the absence of any showing to the contrary, that the conclusion was that dry-cleaners, in the amount of gas consumed, would not as a class come within the larger amounts used by industries; and, as to the specific question here, that the conclusion was that dry-cleaners would not as a class use so large an amount of gas as would steam laundries, and that the difference in amount would be distinctly substantial.

Besides this, it may be that in assigning steam laundries to a place within the industrial rate the municipal authorities may have had in mind, among other things, the fact that there is often a strong competition between local steam laundries and those of neighboring towns or cities, and that this competition is liable to become extremely active from time to time in the future; whereas, that competition by dry-cleaners of neighboring towns is not so apt to happen or to obtain such substantial proportions. But none of these considerations are expressly disclosed in this record. We therefore return to what we find in the record upon which decision may be safely rested, and thus we recur to the matter of amounts of consumption.

There is no averment in the declaration in regard to the amounts of gas used by steam laundries as compared

with dry-cleaners. And since substantial differences in amount consumed or which may be reasonably anticipated will be consumed by the members of the different classes is one of the valid bases upon which to make classification, then we think appellant has failed to state a case when he omits the averment mentioned—conceding for the sake of the argument, but not deciding, that this point could be made as an original proposition before the judicial court, rather than first appealing to the municipal authorities for a rectification of rates. There is an absence of express averment on the point mentioned, but there is averment from which the conclusion is inevitable that steam laundries use more gas than do dry-cleaners. The averment is that steam laundries in addition to their steam laundry business do also the business of dry-cleaning, and do in their dry-cleaning departments the same business as that done by appellant; wherefore appellant contends that there is a discrimination against him in favor of a competing business. At the same time and in the same averment, appellant has stated the fact that steam laundries consume a greater amount of gas than do dry-cleaners, for he has averred that the steam laundry does the business of dry-cleaning plus the steam laundry business, from which it follows that ordinarily the amount of gas used for the steam laundry part of the business is that much more than the amount consumed by dry-cleaners. How much more, then, is it that is consumed by steam laundries? The record is absolutely silent on that point. Are we to assume that the additional amount generally used by steam laundries is not substantial, and is therefore insufficient to form the basis for the difference in classification made? In other words, are we to assume that the determination or conclusion of the municipal authorities rests upon no substantial facts, in respect to the amount of consumption, when no distinct facts in that regard are shown to us in this record? These are not facts of which the court

may take judicial notice, and the answer to the inquiry just stated must therefore be in the negative.

In basing our decision in this case upon the point of amount consumed as a basis of classification, we are making the application strictly to the record here in hand. We are not to be understood as holding that the amount of consumption is always and in every case a controlling element. We have said that it is one of the elements to be considered. It is not to be gathered from what we have said that those in one class who may happen to use the same amount of gas as another in a lower class must for that reason, and for that reason alone, be taken out of the assigned class and placed in the lower class. These classifications rest upon several considerations, and these considerations are not to be disregarded in order to attain to an impractical or purely theoretical or scientific uniformity, whether in amount of consumption, or upon any other one single feature, disassociated from other substantially tangible and reasonably pertinent differences. As is said in American Aniline Products v. City of Lock Haven, 288 Pa. 420, 135 A. 726, 727, 50 A. L. R. 121: "A city has a wide range of discretion in classifying the service, but the classification must be a reasonable one, based on consideration as to quantity, time of use, or manner of service, or other matters which present a substantial difference as ground for distinction." And a statement of the whole doctrine is completed when there is added to that quotation what is also true, and obviously so, that a corporation authorized by a municipality to supply gas to the inhabitants thereof may not among those of the same class discriminate as to rates or refuse substantial similarity of treatment. But the point here is that appellant has not shown himself to be in law, or in fact, of the same class as steam laundries, for, as it seems to us, the contention of appellant amounts in its final analysis to the argument that a part is equivalent to, or embraces, the whole.

We may take a simple illustration to show that the contention of appellant would lead to inadmissible results. Let us suppose that a large manufacturer, say a woolen mill, using many millions of cubic feet of gas per month, should at its manufactory establish, in addition to its wholesale shipping department, a tailoring department, and a dry-cleaning department; the two latter departments being operated by steam generated from the same boilers which operate the factory. Under appellant's contention he would be in the same class as the woolen mill, because the mill, in competition, to that extent, with appellant operates a dry-cleaning department.

Upon the state of the record now before us, we are unable to agree with appellant, and the judgment is therefore affirmed.

Affirmed.